**UNITED STATES of America**

v.

**Jasper BANKS.**

No. 4:CR–90–008–001.

United States District Court,
M.D. Pennsylvania.

Sept. 25, 1990.

Fred Martin, Asst. U.S. Atty., Lewisburg, Pa., for U.S.

D. Toni Byrd, Office of the Federal Public Defender, Harrisburg, Pa., for Jasper A. Banks.

## OPINION

MUIR, District Judge.

### I. Introduction.

On January 11, 1990, a grand jury sitting in the Middle District of Pennsylvania handed down a four-count indictment against Jasper A. Banks and Lois Marie Pickens concerning the introduction of controlled substances into the United States Penitentiary at Lewisburg, Pennsylvania.

Counts I and II charge Banks with providing prohibited objects to an inmate and aiding and abetting the provision of prohibited objects to himself in violation of 18 U.S.C. § 1791(a)(1) and (2). Counts III and IV of the indictment charge Banks with distribution of controlled substances and aiding and abetting the distribution of controlled substances to himself in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.

On February 22, 1990, Banks was arraigned and pleaded not guilty to the charges.

Jury selection was held on May 2, 1990. A four-day trial was held from May 30, 1990, to June 1, 1990, and on June 4, 1990. Banks and Pickens were tried simultaneously before two separate juries. Banks testified before the Pickens jury but did not testify before his own jury.

In its case in chief, the Government introduced a videotape of Pickens and Banks during a visit at the United States Penitentiary at Lewisburg, Pennsylvania, on April 27, 1989. The Government argued that this videotape showed Pickens delivering contraband to Banks on that date.

The Government also introduced evidence that on April 30, 1989, while in a dry cell, Banks excreted 20 balloons containing non-narcotic controlled substances. The

Government argued that these same balloons had been distributed by Pickens to Banks in the visiting room on April 27, 1989.

At the close of the evidence offered by the Government, Banks made a motion for judgment of acquittal in which he contended that the evidence presented by the Government was insufficient to sustain a conviction on the offenses charged. Banks further contended that the indictment failed to charge an offense against him. We denied the motion.

Pickens called three witnesses to testify in her defense. First, Pickens testified on her own behalf. She denied that she brought any contraband to the federal penitentiary at Lewisburg on April 27, 1989 or that she distributed any contraband to Banks. Second, Pickens called Mark Clancy, another inmate, to testify. Clancy testified that he gave Banks the controlled substances and that Banks swallowed them before his visit with Pickens. Pickens also called Banks to testify on her behalf. After being granted immunity, Banks testified in the Pickens case that Clancy, not Pickens, had given him the balloons, and that he swallowed the balloons prior to his visit with Pickens. The Banks jury was not present during his testimony. Although Banks did not call Pickens and Clancy to testify on his behalf, his jury did hear their testimony.

At the close of all of the evidence, Banks renewed his motion for judgment of acquittal and we again denied the motion. On June 4, 1990, the jury returned a verdict of guilty on all four counts against both Banks and Pickens.

After the verdict, Banks orally renewed his motion for judgment of acquittal. We directed Banks to file a written motion. On June 7, 1990, Banks filed a written motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) in which he requested that we set aside the verdict of the jury and enter a judgment of acquittal on all four counts of the indictment. Banks asserted that the evidence was insufficient to sustain a conviction on the offenses charged and that the indictment failed to charge an offense against him. Banks challenged the applicability to his conduct of the statutes he was charged with violating. Banks argued that he could not be held liable for aiding and abetting the provision or distribution of controlled substances to himself.

On August 27, 1990, we denied Defendant Banks's motion for judgment of acquittal.

In the meantime, a presentence report was prepared by Probation Officer Anthony C. Harvilla and sent to counsel on July 13, 1990. After reviewing the report, Banks filed objections in a letter dated July 31, 1990, to the Probation Officer. Two objections by Banks remain outstanding.

The first objection which remains outstanding is Banks's objection to ¶ 15 wherein Banks was assessed a two-point increase in the base offense level of six for the adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1, Application Note 1(c).

Banks contends that because he did not testify in his own trial but in Pickens's trial, it was inappropriate to assess him a two-point adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

The second unresolved objection by Banks to the presentence report is his objection to ¶ 16 of the presentence report which states that "[a]lthough the Defendant admits to being in possession of the balloons filled with controlled substances on April 30, 1989, he provided no further statement on advice of counsel because of possible post-trial motions and an appeal." On the basis of this, a two-point adjustment for acceptance of responsibility was denied Banks.

Banks contends that he is entitled to a two-point adjustment for acceptance of responsibility because he never denied possession of the balloons on April 30, 1989, and because he has since the inception of this case accepted full responsibility for the possession of the balloons. Banks further contends that he challenged at trial and in post-verdict motions and that he intends to continue to challenge on appeal the applica-

bility of the statutes under which he was charged.

On August 27, 1990, a presentence conference was held at which objections to the presentence report by both Banks and the Government were presented. The Government objected to ¶ 59 of the presentence report which reflects that there should be no departure from the guidelines. The Government contended that Banks's character and criminal background are underrepresented by his criminal history designation. The Government requested that we depart from the guidelines pursuant to U.S. S.G. § 4A1.3 which indicates that we may consider imposing a sentence above the applicable guideline range if we ascertain that the criminal history category does not adequately reflect the seriousness of the Defendant's past criminal conduct or the likelihood that the Defendant will probably commit other crimes.

By order of August 29, 1990, we rescheduled the sentencing set for August 29, 1990, to September 25, 1990, to permit counsel to file briefs addressing the objections to the presentence report. This matter is now ripe for decision.

The following are the Court's findings of fact, discussion, and conclusions of law with regard to the issues raised.

## II. Findings of Fact.

1. A four-day trial was held in this case from May 30, 1990, to June 1, 1990, and on June 4, 1990.

2. The cases against Pickens and Banks were tried simultaneously before two separate juries.

3. Pickens called three witnesses to testify in her defense.

4. Pickens called Banks to testify.

5. Pickens requested that Banks testify under a grant of immunity and we granted the request.

6. Banks testified on behalf of Pickens before the jury which considered her case.

7. Pickens testified.

8. Pickens's testimony was heard by both Banks's and Pickens's jury.

9. Pickens called Clancy to testify on her behalf.

10. Banks initially sought exclusion of his jury from the courtroom during Clancy's testimony.

11. We ruled that unless Clancy's testimony was prejudicial to Banks, Banks's jury should not be removed from the courtroom.

12. On the basis of an offer of proof, it was determined that Clancy's testimony would not be prejudicial to Banks.

13. Banks did not call Clancy to testify; however, his jury did hear his testimony.

14. Banks has admitted possession of the drug-filled or contraband-filled balloons.

15. Banks is 54 years old.

16. Banks has four criminal convictions on his record.

17. Three of the four convictions are not counted in calculating Banks's criminal history category under the sentencing guidelines because they are 18, 25 and 30 years old.

18. Banks testified that he had obtained the drugs involved in this case four days prior to his visit from Pickens from inmate Clancy.

19. Banks testified that the balloons had been secreted by him in a brown jar or container within his cell.

20. Banks testified that on earlier occasions he had hidden drugs in the same receptable.

21. Banks testified that when he learned of Pickens's surprise visit, he swallowed the balloons for safekeeping rather than leave them in his hiding spot.

22. That alleged hiding place had hitherto never been found by correctional officers.

23. Banks denied receiving anything from Pickens in the visiting room or swallowing anything in his yogurt.

24. Because his jury was not in the courtroom when Pickens began her testimony through oversight of the Court and

all counsel, she was required to repeat her direct examination.

25. Pickens claimed that she did not pass anything to Banks.

26. She asserted that her unusual behavior was the result of an abnormal sensation resembling that made by insects creeping on her skin.

29. Dr. Alan Rockoff, a physician with offices in the Boston, Massachusetts area, recommended that Pickens seek psychiatric help for her condition.

30. Clancy claimed to have given Banks the drug-filled balloons on the Sunday before the visit from Pickens.

31. Clancy testified that he did not require any payment and treated the balloons as a gift to Banks even though they had a value of $300.00 in the prison.

32. While the videotape does not show balloons being dropped into yogurt, it reveals unusual behavior on the part of both Defendants.

33. The jury's verdict as to guilt of both Defendants is amply supported.

34. Banks testified falsely in the Pickens case.

35. Clancy testified untruthfully regarding his gift of the incriminating balloons to Banks.

36. The correctional officer who first retrieved the balloons on April 30, 1989, testified that Banks immediately expressed concern over the developments as they might affect Pickens.

37. Banks gave a statement to prison authorities in August 1989 which omitted reference altogether to Clancy.

38. Banks did not merely proceed "to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)."

39. On May 8, 1989, when confronted by the Federal Bureau of Investigation, Defendant had an opportunity to admit his involvement in the offense.

40. He declined to speak to the agent.

41. When given an opportunity to use the telephone on May 13, 1990, he called Pickens.

42. According to a transcript of that recorded conversation, he warned her: "You got to look for something to happen."

43. The testimony of Banks, Pickens and Clancy was false.

### III. Discussion.

In this case we are faced with three questions:

(1) Is a two-point upwards adjustment for obstruction of justice pursuant to U.S. S.G. § 3C1.1 appropriate?

(2) Is Banks entitled to a two-point downwards adjustment for acceptance of responsibility?

(3) Are there any aggravating or mitigating circumstances that warrant a departure from the guidelines?

First, the Government's position is that a two-point upwards adjustment in Banks's offense level is warranted for obstruction of justice because Banks testified "untruthfully" in the trial of Pickens, or because Banks suborned false testimony at his trial from Pickens and Clancy or both. We disagree with the Government's position for the following reasons.

United States Sentencing Guideline § 3C1.1 provides as follows:

*Willfully Obstructing or Impeding Procedures*

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the *instant offense*, increase the offense level by 2 levels. (Emphasis added.)

The application note upon which the Probation Officer relied to increase the offense level by two levels is Application Note 1(c). That application note provides as follows:

1. The following conduct, while not exclusive, may provide a basis for applying this adjustment:

\* \* \*

(c) testifying untruthfully or suborning untruthful testimony concerning a material fact or producing or attempt-

ing to produce an altered, forged, or counterfeit document or record during a preliminary or grand jury proceeding, trial, sentencing proceeding, or any other judicial proceeding;

Application Note 2 provides that "[i]n applying this provision, suspect testimony and statements should be evaluated in light most favorable to the defendant."

Application Note 3 provides that "[t]his provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt is not a basis for application of this provision."

 Banks did not testify at trial in his own case. Banks was called by Pickens and testified on her behalf before her jury only after we granted him immunity on Pickens's request. Banks did not testify on his behalf before his own jury. The only jury present during his testimony was the Pickens jury.

The commentary to U.S.S.G. § 3C1.1 provides that:

> This section provides a sentence enhancement for a defendant who engages in conduct to mislead or deceive authorities or those involved in a judicial proceeding, or otherwise to willfully (sic) interfere with the disposition of criminal charges, in respect to the *instant offense*. (Emphasis added.)

While the matter is not free from doubt and while Application Note 1(c) refers to a trial generally, we are of the view that the term "instant offense" as used in the commentary and the guideline itself is probably limited to the offense or case against the defendant, i.e., Banks, and *does not encompass the case against Pickens.* U.S.S.G. § 3C1.1 provides for an enhancement for obstruction of justice only where the defendant obstructs or impedes the proceedings of his or her own case. It does not provide for an enhancement where the defendant testifies untruthfully in a case of another defendant.

To illustrate, if Banks had testified in a trial in, for example, the District of New Jersey, and if Banks's probation officer was of the view that Banks's testimony at

that trial was untruthful, it would not follow that Banks would be assessed a two-point enhancement under U.S.S.G. § 3C1.1 in a subsequent case against Banks on the basis of the alleged obstruction in the case in New Jersey. The New Jersey case would not have involved the "instant offense," i.e., the subsequent case against Banks.

Pickens and Banks were charged in one indictment; however, their cases were severed. There were two trials with two separate juries. Merely because the cases were tried simultaneously does not negate the fact that Banks did not testify on behalf of himself and that his jury did not hear his testimony. Because Banks did not testify in his own case on his own behalf before his own jury, a two-point increase pursuant to U.S.S.G. § 3C1.1 is inappropriate. This conclusion also finds support in the plain language of U.S.S.G. § 3C1.1 because immediately after using the term "instant offense" the Sentencing Commission indicates "increase the *offence* level by 2 levels." (Emphasis added.) From this language we have to conclude that the Sentencing Commission is referring to the offense charged in the indictment against this particular defendant.

 The Government concedes that Banks did not testify in his own case but argues in the alternative that because Banks's jury was present during the testimony of Pickens and Clancy, Banks suborned untruthful testimony. For that reason the Government contends Banks should be assessed the two-point increase for obstruction pursuant to U.S.S.G. § 3C1.1.

Banks's jury heard the testimony of Pickens and Clancy; however, Banks called neither Pickens nor Clancy to testify on his behalf. Pickens took the stand on her behalf as part of her defense, and Pickens called Clancy to testify on her behalf. Although we are of the view that Clancy testified untruthfully, the question is whether Banks suborned such untruthful testimony. We surmise that Banks induced Clancy to testify but there is no direct evidence to that effect. We are unable to conclude based on the record that

Banks suborned untruthful testimony from Pickens or Clancy. If the Court of Appeals is of the view that there is enough circumstantial evidence for us to conclude Banks suborned Clancy, we would make such a finding and assign the 2 point increase for obstruction.

■ Second, Banks seeks a two-point reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We are of the view that Banks is not entitled to this two-point reduction.

U.S.S.G. § 3E1.1 provides in part that "[i]f the defendant *clearly* demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." (Emphasis added.) Application Note 1 sets forth several items that we may consider when determining whether the defendant is entitled to a two-point reduction for acceptance of responsibility, including, "voluntary and truthful admission to authorities of *involvement in the offense and related conduct*" and "the *timeliness* of the defendant's conduct in manifesting the acceptance of responsibility." (Emphasis added.)

The facts in this case do not clearly demonstrate that Banks has accepted responsibility for his criminal conduct. On May 8, 1989, when confronted by the Federal Bureau of Investigation, Banks had an opportunity to admit his involvement in the offense but failed to do so. Moreover, on May 13, 1990, when given an opportunity to use the telephone he called Pickens. According to a transcript of that recorded conversation, he warned her: "You got to look for something to happen." Banks declined to provide more details but stated, "Listen I can't even speak to I tell you now, over the phone you understand me." It was not until August 1989, in prison disciplinary proceedings, that Banks broke his silence about the incident. Then he admitted only that he possessed the balloons but did not obtain them from Pickens. No mention was made of Clancy at that time.

Banks's course of conduct has included noncooperation with the authorities, warning his co-defendant of future action and providing an incomplete statement to prison officials four months after the fact.

Banks contends he is entitled to the two-point reduction for acceptance of responsibility because he has always admitted possession of the balloons containing drugs. Since he excreted them in a dry cell, how could he do otherwise? We conclude that he has not accepted responsibility for his criminal conduct.

■ Finally, the Government objects to paragraph 59 of the presentence report which states "[t]here appear to be no aggravating or mitigating circumstances that warrant a departure from the guidelines." The Government contends that pursuant to U.S.S.G. § 4A1.3 we should make an upward departure from the guidelines because Criminal History Category III does not adequately represent the seriousness of Banks's past criminal conduct or the likelihood that he will commit other crimes.

The United States Sentencing Commission expressly stated in its Introductory Commentary to Chapter Four that the formula for calculating a defendant's criminal history was based on empirical research correlating past criminal behavior and the likelihood of recidivism. *See United States v. Coe*, 891 F.2d 405, 413 (2nd Cir.1989).

Furthermore, the Commentary to U.S.S.G. § 4A1.3, limits its application as follows:

> This policy statement authorizes the consideration of a departure from the guidelines in the *limited* circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or the likelihood of recidivism, and provides guidance for the consideration of such departures. (Emphasis added.)

The Sentencing Commission has developed a complicated system for determining criminal history points based on empirical data. It has determined that certain sentences which are more than ten years old should not be considered in calculating a defendant's criminal history category. *See*

Application Notes 4A1.1(a) and 4A1.1(c). Thus, Banks's prior convictions were not counted in computing his criminal history category.

Of the convictions the Government wishes us to consider in determining whether the criminal history category is adequate in this case, one is over thirty years old and is for the crime of procuring an abortion.

The second crime the government wishes us to consider is over twenty-five years old and is a case for which Banks successfully completed probation. Similarly, the third case is an eighteen year old case in which Banks received a six month suspended sentence. All of these cases are well beyond the cut-offs for consideration set by the Sentencing Commission on the basis of its empirical data.

United States Sentencing Guideline § 4A1.3 provides that "[a] departure under this provision is warranted when the criminal history category *significantly* underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." (Emphasis added.)

Banks is 54 years old. To date he has four prior convictions, three of which are considered ancient under the guidelines. There have been conviction-free periods of five, seven and nine years between each conviction. The Criminal History Category of III does not significantly underrepresent the seriousness of Banks's criminal history or the likelihood that he will commit further crimes.

Additionally, U.S.S.G. § 4A1.3, sets forth the information we may consider in determining whether an upward departure is warranted as follows:

(a) prior sentence(s) not used in computing the criminal history category (*e.g.*, sentences for foreign and tribal offenses);

(b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions;

(c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;

(d) whether the defendant was pending trial, sentencing, or appeal on another charge at the time of the instant offense;

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

None of these considerations are applicable to Banks's case. None of his prior convictions were for foreign or tribal offenses. None of his prior convictions resulted in sentences of substantially more than one year as a result of independent crimes on different occasions. No similar misconduct has been established by a civil adjudication. No charges were pending against Banks at the time of the offense. Finally, there is no similar criminal conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3 is reserved for unusual cases. The convictions in Banks's case are old. Moreover, the guidelines anticipate that departures, in general, will be rare. *See* U.S.S.G. Chapt. 1, Part A, Introduction, 4(b), p. 1.6–7; *United States v. Uca*, 867 F.2d 783 (3rd Cir.1989). The circumstances of Banks's case are not sufficiently unusual to justify an upward departure.

IV. Conclusions of Law.

1. The two-point adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 is not applicable to the facts and circumstances of this case.

2. Banks is not entitled to any credit for acceptance of responsibility.

3. The criminal history category in this case adequately reflects the seriousness of Banks's past criminal conduct or likelihood that Banks will commit other crimes.

4. The circumstances of Banks case are not highly unusual.

5. An upward departure from the guidelines in this case is not warranted.

6. The indictment returned against Banks referred to aiding and abetting Pickens in providing an inmate with contraband drugs in violation of Title 18 United States Code, § 1791(a)(1) and distributing those

substances in violation of Title 21 United States Code, § 841(a)(1).

7. The total offense level in this case is 6.

8. The Criminal History Category is III.

9. The guideline range in this case is 2–8 months.

An appropriate order will be entered.