**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 94-5894

RAY THOMAS KYLE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-261)

Argued: February 2, 1996

Decided: July 17, 1996

Before ERVIN and MOTZ, Circuit Judges, and BLAKE, United
States District Judge for the District of Maryland,
sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Vernon Laughrun, II, GOODMAN, CARR,
NIXON, LAUGHRUN & LEVINE, P.A., Charlotte, North Carolina,
for Appellant. Gretchen C.F. Shappert, Assistant United States Attor-
ney, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Mark T.
Calloway, United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On December 2, 1993, the defendant, Ray Thomas Kyle, Jr., was arrested at the home of his girlfriend, Sherry Baldwin, where he was "cooking" cocaine into cocaine base and packaging marijuana. Baldwin and two other individuals also were arrested. All four were named in all four counts of a federal indictment filed December 8, 1993. The first count charged conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; the other three counts were for possession with intent to distribute the cocaine, cocaine base, and marijuana recovered on December 2, 1993.

On March 3, 1994, Kyle, represented by counsel, signed a plea agreement with the government. Among its other provisions was a promise to provide truthful cooperation and testimony against his co-defendants upon request of the United States. In exchange, if the government determined that his assistance had been substantial, the government would move for a downward departure under § 5K1.1 of the United States Sentencing Guidelines.

On April 5, 1994, when interviewed by Alcohol, Tobacco, and Firearms ("ATF") agent Boykin, Kyle apparently indicated that Baldwin was aware of the conspiracy to distribute cocaine and marijuana, allowed her house to be used as a "stash house" for drugs, and assisted Kyle in packaging marijuana. He also stated that some of the money obtained from drug sales was used to pay Baldwin's living expenses. On May 25, 1994, Kyle entered a plea of guilty to Count One, the conspiracy count, at a Rule 11 hearing before the district court. He made no factual representations during this hearing.

At some point prior to the scheduled trial of Baldwin, apparently after learning she was pregnant and believing it to be with his child, Kyle "recanted" the statement he had given to Agent Boykin. The

2

government subsequently dismissed the indictment against Baldwin. Kyle was never called upon to testify. At the sentencing hearing on November 10, 1994, the prosecutor stated, without further explanation, that Kyle's recantation "directly disintegrated our case against Sherry Baldwin." (Supp. J.A. at 2). Kyle's attorney, while not denying that his client has recanted his statement to the ATF agent, contended that Kyle had not obstructed justice within the meaning of U.S.S.G. § 3C1.1. Over the government's objection, the district court granted a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.[1] At the government's request, however, the court applied a two-level enhancement for obstruction, resulting in an offense level of 33 and a sentencing range of 188 to 235 months of incarceration.[2] The court imposed a prison term of 188 months and modified the plea agreement to permit this appeal.

Factual findings made by the district court in connection with the application of an enhancement under the Sentencing Guidelines are reviewed for clear error, while issues of law are subject to de novo review. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996).[3] The burden is on the government to prove by a preponderance of the evidence that a sentencing enhancement applies in a particular case. United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989), cert. denied, 493 U.S. 943 (1989).

_____

[1] The government did not appeal the three-level reduction for acceptance of responsibility.

[2] While it is unusual for a defendant to receive both a reduction for acceptance of responsibility and an enhancement for obstruction of justice, it is not precluded by the Guidelines. See United States v. Hicks, 948 F.2d 877, 885 (4th Cir. 1991); U.S.S.G. §3E1.1, commentary, (n.4). Section 3E1.1 focuses on a defendant's admission of his own wrongful conduct and his entry of a guilty plea in time to save the government and the court the necessity of preparing for trial. Kyle satisfied the requirements of § 3E1.1.

[3] A district court's decision to depart from the sentencing ranges in the Guidelines is reviewed, not de novo, but for abuse of discretion. Koon v. United States, No. 94-1664, 1996 WL 315800, at *8 (U.S. 1996).

Section 3C1.1 of the Guidelines provides, in full:

> If the defendant wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

This section is intended to apply to "defendants who engage in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding . . . and applies to a wide range of conduct." United States v. Ashers, 968 F.2d 411, 413 (4th Cir.), cert. denied, 506 U.S. 1027 (1992) (internal quotation marks and citations omitted). The conduct must be "wilful," meaning a defendant must act "`consciously . . . with the purpose of obstructing justice.'" United States v. Romulus, 949 F.2d 713, 717 (4th Cir. 1991) (quoting United States v. Stroud, 893 F.2d 504, 507 (2nd Cir. 1990)), cert. denied, 503 U.S. 992 (1992). This Circuit has upheld application of § 3C1.1 where a defendant intentionally falsified a voice exemplar, see Ashers, 968 F.2d at 413; provided a false name and age to obtain release on bond, see Romulus, 949 F.2d at 717 (4th Cir. 1991), cert. denied, 503 U.S. 992 (1992); and lied to a probation officer about the amount of attorneys' fees paid, see Hicks, 948 F.2d at 885-87.

The commentary to U.S.S.G. § 3C1.1 contains a "non-exhaustive list of examples of the types of conduct" covered by the guideline, U.S.S.G. § 3C1.1, commentary, (n.3), as well as a "non-exhaustive list of examples of the type of conduct that . . . do not warrant application of this enhancement," id. (n.4). Making a false statement, not under oath, to a law enforcement officer, ordinarily does not warrant application of the enhancement unless it was a "materially false statement . . . that significantly obstructed or impeded the official investigation or prosecution of the instant offense." Id. This Court is bound by the Guidelines, including the commentaries that interpret or explain a guideline. Stinson v. United States , 508 U.S. 36, 38 (1993).[4] Accordingly, the government must prove by a preponderance of the

_____

**4** The Commentary to a particular guideline is not binding if it "violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson, 508 U.S. at 38. None of those exceptions are applicable here.

4

evidence not only that Kyle's statement was false, but also that it significantly hindered the investigation or prosecution of the case. See United States v. Surasky, 976 F.2d 242, 246 (5th Cir. 1992) (reversing application of enhancement to a mere denial of guilt); United States v. Urbanek, 930 F.2d 1512, 1515 (10th Cir. 1991) (reversing application of enhancement where denial of use of aliases amounted merely to a "`refusal to admit guilt or to provide information'" (quoting U.S.S.G. § 3C1.1 commentary, (n.1))).

We have concluded that the case should be remanded for further development of the factual record. See United States v. Alpert, 28 F.3d 1104, 1108 (11th Cir. 1994). There is insufficient evidence in the record before the district court to support a finding that Kyle's recantation of the information he proffered to Agent Boykin significantly hindered the investigation or prosecution of Baldwin's case. First, it must be noted that the grand jury indicted Baldwin on December 8, 1993, without the benefit of any information from Kyle. As to the prosecution of Baldwin's case, the government must have been prepared to proceed to trial against Baldwin without Kyle's testimony, at least during the time from the indictment through April 5, 1994. This conclusion is compelled by the fact that the indictment remained in place even though no proffer was received from Kyle until that date.

At sentencing the government offered nothing to substantiate its counsel's assertion that Kyle's recantation was sufficient to "directly disintegrate our case against Sherry Baldwin." [5] There is nothing in the record to suggest that Kyle intended to testify falsely in favor of Baldwin at trial. Nor is there anything in the record to explain why the government could not have proceeded to trial against Baldwin with the evidence it already had. At present, the facts show that Kyle agreed to testify against his girlfriend, but changed his mind upon learning she was pregnant with his child. For that decision he lost the benefit of his cooperation agreement with the government.[6] Had he

_____

[5] Nor is there anything in the record to show specifically what Kyle stated in his "recantation."
[6] As noted above, the plea agreement called for Kyle to provide truthful information and testimony upon request in exchange for which, if his assistance was substantial, the government would move for a downward departure under § 5K1.1 of the Guidelines. By his recantation, therefore, Kyle forfeited the opportunity for a significant decrease in his sentence.

5

chosen not to cooperate with the government initially, his refusal could not have been considered as an aggravating sentencing factor. See U.S.S.G. § 5K1.2.

On this record, Kyle's actions thus are distinguishable from those of the defendant in United States v. Acuna, 9 F.3d 1442, 1444-46 (9th Cir. 1993), who was found to have testified falsely for his co-defendants after entering a plea agreement with the government. Refusal to testify against co-conspirators was found to constitute wilful obstruction in United States v. Morales, 977 F.2d 1330 (9th Cir. 1992), cert. denied, 507 U.S. 966 (1993), but only after an immunity order had been issued and the district court "explained to Morales the possible consequences of his refusal and gave him several opportunities to testify." Id. at 1331; see also United States v. Williams, 922 F.2d 737, 739 (11th Cir.), cert. denied , 502 U.S. 892 (1991) (dictum). There is no evidence that any such explanation or order was given to Kyle after his recantation. Apparently, the government simply decided to dismiss the indictment rather than proceed with the evidence it already had against Baldwin or seek an order compelling Kyle's testimony.**7**

It may well be that on remand the government can demonstrate why Kyle's recantation required dismissal of the indictment against Baldwin or otherwise significantly hindered the investigation or prosecution of her case. We hold only that the government failed to present such proof in connection with Kyle's sentencing, and

---

**7** The government also argues that an enhancement under § 3C1.1 may be applied because Kyle attempted to conceal the cocaine located in Baldwin's house when law enforcement authorities entered to execute the search warrant. That argument was raised before the sentencing judge, who did not rely on it in applying the § 3C1.1. enhancement. Application of § 3C1.1 for an attempt to conceal narcotics or other contraband is not warranted where the attempt occurs contemporaneously with arrest and does not result in a material hindrance to the government's investigation. See U.S.S.G. § 3C1.1, commentary, (n.3d); United States v. Perry, 991 F.2d 304, 311-12 (6th Cir. 1993). Kyle's attempt to hide the narcotics was not successful, and there is no evidence that the investigation was hindered in any way.

consequently the district court's implicit finding of obstruction cannot be sustained.**8**

Kyle also argues that § 3C1.1 does not apply because the trial of a co-conspirator does not constitute the "instant offense" for purposes of applying the § 3C1.1 enhancement. A number of our sister circuits have held that the term "instant offense" refers only to the offense of conviction. See e.g., United States v. Strang, 80 F.3d 1214, 1218 (7th Cir. 1996); United States v. Kim, 27 F.3d 947, 958 (3rd Cir. 1994), cert. denied, 115 S. Ct. 900 1991); United States v. Perdomo, 927 F.2d 111, 118 (2nd Cir. 1991). Whether the enhancement may be applied where the obstruction occurred in the case of a co-defendant is a subject of some disagreement. See Acuna, 9 F.3d at 1446; United States v. Bernaugh, 969 F.2d 858, 861-62 (10th Cir. 1992) (applying enhancement). Contra Strang, 80 F.3d at 1218; United States v. Partee, 31 F.3d 529, 531-33 (7th Cir. 1994); United States v. Banks, 751 F. Supp. 1161, 1166 (M.D. Pa. 1990), aff'd , 931 F.2d 52 (3rd Cir. 1991) (enhancement not applicable to false testimony in co-defendant's case).

This Circuit has not yet resolved whether the term"instant offense" in § 3C1.1 applies to obstruction in connection with the investigation, prosecution, or sentencing of a co-defendant. We are persuaded, however, that the term "instant offense" is broad enough to encompass a defendant's obstruction of his co-conspirator's case where the defendant's offense of conviction is the identical conspiracy charge for which his co-conspirator is being prosecuted. See Morales, 977 F.2d at 1331; cf. Partee, 31 F.3d at 531 ("Offense of conviction . . . refers only to the offense conduct charged in the count of the indictment or information of which the defendant was convicted.") (internal quotation marks and citations omitted).

_____

**8** In Alpert the court explained that

> [i]n order to permit meaningful appellate review, when a district court applies the obstruction enhancement because a defendant made false statements, not under oath, to law enforcement officers, it must find that the statements were false and material. It must also explain how the statements significantly obstructed or impeded the investigation or prosecution of the offense.

Alpert, 28 F.3d at 1107.

7

Accordingly, the sentence is vacated and this case is remanded for further factual findings consistent with this opinion.

<u>VACATED AND REMANDED</u>

8