**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Solomon Goddy LATO,
Defendant–Appellant.**

**No. 90–10407.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 1991 *.

Decided June 3, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Christopher A. Brancart, Brancart & Brancart, Pescadero, Cal., for defendant-appellant.

Rory K. Little, Eric R. Havian, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before FARRIS, BOOCHEVER and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Solomon Goddy Lato appeals his sentence for mail fraud in violation of 18 U.S.C. § 1341. He argues that the district court erred in finding that he had obstructed justice and that he had not accepted responsibility under the Sentencing Guidelines. We affirm.

## BACKGROUND FACTS

On April 28, 1989, Solomon Goddy Lato ("Lato") was arrested for his role in an extensive insurance fraud scheme. Evidence showed that he had obtained numerous auto insurance policies on the same vehicles. He then submitted false accident reports and claimed the accidents were his fault. Lato conspired with several individ-

uals who then falsely claimed to be the accident victims. Lato also submitted a false accidental death insurance claim for a non-existent wife.

Although the initial investigation of his wrongdoing contemplated state prosecution and was conducted by state authorities, Lato eventually was prosecuted for that wrongdoing on federal charges instead. After his arrest, Lato denied using any names other than Solomon Lato, although he had fraudulent social security cards and a passport using different names. He also mailed a series of letters to a witness instructing her to lie to the police and fabricate evidence.

On April 25, 1990, Lato pleaded guilty to federal mail fraud in exchange for the government's promises to dismiss certain counts and not to seek an upward departure or ask that the dismissed counts be considered relevant conduct under the sentencing guidelines.

The district court sentenced Lato on August 1, 1990. The court found Lato had obstructed justice and had not accepted responsibility. Lato now appeals those rulings.[1]

### JURISDICTION AND STANDARDS OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742.

■■■ We review de novo whether obstruction of justice under the sentencing guidelines is limited to acts aimed at federal authorities, because the question "turns primarily on the legal interpretation of a guideline term." *United States v. Mondello*, 927 F.2d 1463, 1465 (9th Cir.1991) (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990)). We review for clear error a district court's decision that a defendant did not accept responsibility. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990).

### DISCUSSION

#### A. Obstruction of Justice

■■■ The district court increased Lato's offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1 (Nov. 1989). Lato concedes that the record supports a determination that he engaged in conduct that would be an obstruction of justice. However, Lato argues that because his acts of obstruction were committed during investigation by state rather than federal authorities, they cannot be considered in determining the federal offense level, because they were not committed during the "investigation ... of the instant offense." We disagree.

This issue is one of first impression. Other courts, however, have at least implied that section 3C1.1 contains no such federal limitation. In *United States v. Roberson*, 872 F.2d 597, 609–10 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989), the court stated that defendant's acts while exclusively state authorities were investigating him supported the district court's finding that he had obstructed justice under section 3C1.1. *See also United States v. Dortch*, 923 F.2d 629, 632 (8th Cir.1991) (defendant's tossing out of a bag of cocaine when police stopped him for a traffic violation supported a finding of obstruction of justice in a federal drug prosecution, even though only a state traffic violation was under investigation when he threw the bag); *United States v. Paige*, 923 F.2d 112, 114 (8th Cir.1991) (engaging in a high speed chase with highway patrol and throwing incriminating evidence from the windows was an obstruction of justice); *United States v. Rogers*, 917 F.2d 165, 168 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991) (giving an alias to police is an obstruction of justice); *United States v. Baker*, 907 F.2d 53, 55 (8th Cir.1990) (flushing cocaine down the toilet after state detectives entered defendant's home is an obstruction of justice).

---

**1.** We address other issues raised by Lato on appeal in an unpublished memorandum disposition.

■ The following commentary to section 3C1.1 supports the view that there is no state-federal distinction for obstruction of justice: "This section provides a sentence enhancement for a defendant who engages in conduct calculated to mislead or deceive authorities...." U.S.S.G. § 3C1.1, Commentary (Nov. 1989). There is no hint that the term "authorities" was used with reference to federal rather than state officials. Moreover, subsequent amendments to the Guidelines, which were added for the purpose of clarification, make no state-federal distinction. Instead they use such general terms as "law enforcement officer" and "official investigation." U.S.S.G. § 3C1.1 (Nov. 1990) & App. C at C.190–C.192.

We recognize that the Guidelines' use of the language "the instant offense" suggests that there must be some connection between the obstruction and the federal offense for which defendant is being sentenced. However, like the court in *Roberson*, 872 F.2d at 609–10, we need not decide to what degree of closeness a connection must be shown. Here the connection was as close as it could be once the false state-federal distinction is laid aside.

■ The actions of Lato were certainly designed to obstruct the investigation of the offense he committed, that is to prevent the successful uncovering of his scheme to defraud insurance companies. That fraud violated federal as well as state law, and we are satisfied that Lato made no rarefied distinction between them when he sought to cover up his crime. Nor should we. Indeed, it is not likely that, absent the Guidelines, any sentencing judge would fail to consider Lato's activities when it became time to pronounce sentence. There is no reason to think that the Guidelines were intended to change that sensible approach to Lato's culpability.

We therefore hold that the obstruction of the state investigation of Lato's fraudulent activities was properly considered for purposes of an upward adjustment of the offense level pursuant to U.S.S.G. § 3C1.1.

**B. Acceptance of Responsibility**

■ Application Note 4 to U.S.S.G. § 3E1.1 (Nov. 1989), the acceptance of responsibility provision, states:

Conduct resulting in an enhancement under § 3C1.1 [obstruction of justice] ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

As discussed above, Lato's acts aimed at state authorities were an obstruction of justice. Furthermore, the district judge found that this was not an extraordinary case.[2] In light of the probation officer's recommendation that any expression of remorse lacked sincerity, the very purposeful and methodical way in which Lato attempted to suborn perjury, the district court's focus on the facts of this case, and the district court's review of elements to be considered in ordinary cases, that finding is not clearly erroneous. *See Dortch*, 923 F.2d at 633 n. 3 (finding no extraordinary case even though appellant pleaded guilty and cooperated with respect to his case).

### CONCLUSION

We hold that when a defendant obstructs the investigation of a particular criminal activity for which he is ultimately convicted of a federal offense, that obstruction can be considered for purposes of section 3C1.1 of the Guidelines, regardless of whether the investigation was being conducted by state or federal authorities.

AFFIRMED.

---

**2.** We are not here considering action taken by a defendant on the spur of the moment, as in an attempt to conceal drugs immediately prior to arrest, but with calculated conduct over an extended time seeking to fabricate the evidence.