967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Ray WAGNER, Defendant-Appellant.
 No. 91-30018.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 1, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Ray Wagner appeals from his sentence, imposed following a guilty plea, for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and use of a firearm during a felony in violation of 18 U.S.C. § 924(c). Wagner contends that the district court erred by failing to adjust his offense level downward for acceptance of responsibility under the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Hall, 952 F.2d 1170, 1172 (9th Cir.1991). The district court's decision that a defendant has not accepted responsibility for his actions is a factual finding reviewed for clear error. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). The district court is free to consider both pre-and post-guilty plea conduct to determine whether a defendant accepted responsibility for his actions. See United States v. Watt, 910 F.2d 587, 593 (9th Cir.1990). Under the version of the Guidelines applicable here, a finding that the defendant obstructed justice will preclude an adjustment for acceptance of responsibility except in extraordinary circumstances. See U.S.S.G. § 3E1.1, comment. (n. 4); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir.), cert. denied, 112 S.Ct. 271 (1991).
 
 
 4
 Here, Wagner participated in armed bank robberies on July 14, 20, and 25, 1990. He was arrested following the July 14 robbery, but denied his participation and was released. Following his release, he committed two additional robberies. When he was arrested on July 27, 1990, he denied having used a real gun in any of the three robberies.
 
 
 5
 Wagner was charged in three counts of armed bank robbery and three counts of use of a firearm during commission of a felony. Pursuant to the plea agreement, he pleaded guilty to all three armed robberies and to using an actual firearm during the July 14 robbery. The firearm charges with respect to the latter two robberies were dismissed. Wagner has continued to deny using real weapons on July 20 and 25.
 
 
 6
 Wagner contends that the district court impermissibly required him to accept responsibility for conduct underlying the dismissed counts. Alternatively, Wagner contends that the finding that he had not accepted responsibility was based upon facts not supported by the record. These contentions lack merit.
 
 
 7
 The district court found that Wagner had used a gun during the July 14 robbery, and that he had initially denied that any of the robberies had involved a real gun. On this basis, it found that he had obstructed justice.[1] The district court also implicitly found that Wagner's mischaracterization of the July 14 robbery argued against his circumstances being "extraordinary" enough to warrant the downward departure under section 3E1.1.[2]
 
 
 8
 Wagner does not contest the finding that he did not admit having used a real gun in the first robbery until he pleaded guilty. Wagner argues that because the latter two firearm counts were dismissed, he was not obliged to admit that he had used a real gun except as to the first robbery, and that his guilty plea to the first firearm count constituted an acceptance of responsibility as to that gun. Nonetheless, the district court considered Wagner's pre-plea behavior, including his original false statements with respect to the gun used in the first robbery, to find that he had not accepted responsibility. This finding was not clearly erroneous. See Watt, 910 F.2d at 593.
 
 
 9
 The district court relied on the same facts to find that Wagner had obstructed justice, and Wagner does not contest this upward adjustment on appeal. Given Wagner's acceptance of the upward adjustment, we see no clear error in the district court's implied finding that Wagner's was not the "extraordinary" case which would merit a section 3E1.1 downward adjustment despite his obstruction of justice. See U.S.S.G. § 3E1.1, comment. (n. 4); Lato, 934 F.2d at 1083.
 
 
 10
 Wagner also contends that his sentence should be vacated because the district court may have misunderstood its authority to grant the acceptance of responsibility adjustment even though Wagner had also received an upward adjustment for obstruction of justice. This contention lacks merit. The district court expressly stated that it could grant the adjustment under section 3E1.1 if there were an "extraordinary circumstance" demonstrating Wagner's acceptance of responsibility. Despite the government's subsequent apparent misstatement of the rule, we see no reason not to credit the district court's correct statement of its understanding of the law. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (district court is presumed to know the law absent evidence to the contrary).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court made the following relevant statements at the sentencing hearing:
 [U]nder the guidelines, if I were to find an enhancement under Section 3C1.1 for willfully obstructing, which seems to the Court something that I must do in this case, then the defendant ordinarily has not accepted responsibility, unless there is extraordinary circumstances, but in this case the reason that I'm going to find that he obstructed is because of the false statements that he made, both at the time he was arrested the first time with respect to the July 14th robbery and because of his statements that none of the guns were real when he was arrested the second time, when in fact we all know now the gun was real at least once.
 (RT 11/30/90 at 16).
 
 
 [2]
 Upon imposing sentence, the district court stated:
 Mr. Wagner, I am going to sentence you to the bottom of the guideline range. I recognize that's a long period of time for you. On the other hand, I think that it's appropriate. These involve three armed bank robberies and we know for sure that at least one of them involved a gun.
 You were arrested after the first offense and released and within several days were committing additional bank robberies, You should have gotten the message the first time when you were lucky enough to get released from prison.
 (RT 11/30/90 at 19-20).