995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Foday KOROMA, Defendant-Appellant.
 No. 92-50708.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 MEMORANDUM**
 Foday Koroma appeals his sentence following entry of a guilty plea to conspiracy to make and making a false claim to a government agency in violation of 18 U.S.C. §§ 286, 287. Koroma contends the district court erred when calculating his offense level under the United States Sentencing Guidelines by giving him an upward adjustment for obstruction of justice and by denying him a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 Although the district court's finding that a defendant obstructed justice is reviewed for clear error, "we review de novo whether a defendant's conduct constitutes obstruction of justice." United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level is increased by two "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."
 
 
 1
 Koroma argues that the "instant offense" described in section 3C1.1 is limited to his own prosecution. He claims that, therefore, the district court could not give him an obstruction of justice adjustment because his attempt to obstruct justice related to the separate prosecution of his coconspirators for the same conduct to which Koroma had already pleaded guilty. This argument is foreclosed by our recent decision in Morales. See Morales, 977 F.2d at 1331 (defendant who obstructed justice in separate prosecution of coconspirators for same conduct to which he pleaded guilty was subject to adjustment under section 3C1.1).
 
 
 2
 U.S.S.G. § 3E1.1(a) authorizes a two-level reduction in a defendant's base offense level for acceptance of responsibility. A defendant who pleads guilty is not automatically entitled to this adjustment. U.S.S.G. § 3E1.1, comment. (n. 3); United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). Only in extraordinary cases will a defendant who obstructs justice be eligible for an adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 4); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir.), cert. denied, 112 S.Ct. 271 (1991). We will not disturb a district court's determination that a defendant has not accepted responsibility unless it is without foundation. Smith, 905 F.2d at 1301.
 
 
 3
 Koroma argues that his situation is extraordinary because rather than denying or minimizing his role in the offense of conviction, he sought to accept sole responsibility for the actions of all of the conspirators. We reject this argument. The mere fact that Koroma sought to minimize the involvement of others in the conspiracy by taking most of the blame on himself does not itself establish his sincerity in accepting responsibility for his own role in the offense.
 
 
 4
 Koroma pleaded guilty pursuant to an agreement with the government which called for his cooperation in the prosecution of his coconspirators. He later abandoned the plea bargain and ceased cooperation with the government. The district court found that Koroma lied when he testified at one of his coconspirator's trials that government agents threatened, harassed and intimidated him. Further, Koroma attempted to prevent another witness from testifying against one of his coconspirators by writing the witness a threatening letter.
 
 
 5
 In light of these facts, the district court did not err by denying Koroma a downward adjustment for acceptance of responsibility. See Lato, 934 F.2d at 1083.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3