8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rob William GRAY, aka John Doe, Defendant-Appellant.
 No. 93-50167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Robert William Gray appeals his 51-month sentence imposed following entry of his guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Gray contends that the district court erred by (1) making an upward adjustment in his offense level for obstruction of justice and (2) denying him a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 * Obstruction of Justice
 Gray contends that the district court erred by finding that he obstructed justice based upon his refusal to reveal his true identity. This argument lacks merit.
 We review for clear error a district court's finding that a defendant obstructed justice. United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). We review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1. Id. at 1331.
 The Sentencing Guidelines provide for a two-level upward adjustment where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Providing "materially false information" to the court or probation officer constitutes obstruction. Id., comment. (n. 3(f), (h)). The use of a false name or alias at arrest does not constitute obstruction, "except where such conduct actually resulted in a significant hindrance to the investigation or prosecution" of the offense. Id., comment. (n. 4(a)).
 Here, Gray refused to reveal his true name but provided a false name of "Robert William Gray" upon arrest and at the change of plea and sentencing hearings. The district court found this refusal made it more difficult for the court to determine Gray's criminal history and impossible to verify his background, personal, and financial information. According to the probation officer, Gray gave vague and confusing reasons for his refusal to reveal his true identity, and the district court found that his explanations were not credible. Moreover, when presented with the option of revealing his name under seal to the district court and probation officer, Gray still refused.
 Because a defendant's true identity is required for the probation officer and the district court to determine an appropriate sentence based upon the defendant's criminal history and personal background, we disagree with Gray's characterization of his real name as not "material" information. Accordingly, we hold that Gray's refusal to reveal his real name at any point in the proceedings hindered the investigation and sentencing of the instant offense, and therefore Gray obstructed justice within the meaning of section 3C1.1. See U.S.S.G. § 3C1.1, comment. (n. 3(f), (h) & n. 4(a)).
 
 II
 Acceptance of Responsibility
 
 1
 Gray also contends that the district court erred by denying him a downward adjustment for acceptance of responsibility. This argument lacks merit.
 
 
 2
 We review for clear error the district court's denial of a downward adjustment for acceptance of responsibility. United States v. Ford, 989 F.2d 347, 352 (9th Cir.1993).
 
 
 3
 The Guidelines provide for a two-level downward adjustment in a defendant's base offense level for acceptance of responsibility. U.S.S.G. § 3E1.1(a). A defendant who pleads guilty is not automatically entitled to this adjustment. U.S.S.G. § 3E1.1, comment. (n. 3). Only in extraordinary cases will a defendant who obstructs justice be eligible for an adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 4); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir.), cert. denied, 112 S.Ct. 271 (1991).
 
 
 4
 Here, Gray confessed to the robbery upon his arrest. The district court, however, found that by refusing to reveal his true identity, Gray had not accepted responsibility for the consequences of his conduct on his reputation, business interests, family, and future prospects. We agree. The situation is not extraordinary, see U.S.S.G. § 3E1.1, comment. (n. 4); Lato, 934 F.2d at 1083, and the district court did not clearly err by finding that Gray had only partially accepted responsibility for his actions, see Ford, 989 F.2d at 352.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3