45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andres HERNANDEZ, Defendant-Appellant.
 No. 94-50128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1994.*
Decided Dec. 19, 1994.
 
 Before: GIBSON,** HUG, and POOLE, Circuit Judges.
 MEMORANDUM***
 Andres Hernandez appeals his conviction and 262-month sentence, following entry of guilty pleas, for two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Hernandez contends that the district court erred by: (1) denying his motion to withdraw his guilty plea before sentencing; (2) increasing his offense level by two levels for obstruction of justice under U.S.S.G. Sec. 3C1.1; and (3) denying him a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We affirm.
 
 
 1
 * Motion to Withdraw Guilty Plea
 
 
 2
 Hernandez contends the district court erred by denying his motion to withdraw his guilty plea because he intended on pursuing a duress defense at trial. This contention lacks merit.
 
 
 3
 We review for an abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993); United States v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 4
 The district court may allow a defendant to withdraw his guilty plea before sentencing when there is a fair and just reason for withdrawal. Myers, 993 F.2d at 714. While withdrawal is freely given, the defendant bears the burden of showing a fair and just reason. Id. A defendant has not right to withdraw his guilty plea. Id. The decision to allow withdrawal is within the sound discretion of the district court. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 5
 Here, Hernandez submitted a declaration supporting his motion to withdraw his guilty plea alleging that "[a]t no time prior to ... [his] change of plea did ... [he] understand that a duress and coercion defense was available." At the hearing on the motion to withdraw, however, Hernandez's former defense counsel, Stark, testified that he discussed a duress defense through an interpreter several times with Hernandez. Stark further testified that Hernandez decided to accept the plea agreement. In addition, at the initial plea hearing, Hernandez indicated that he was satisfied with his counsel's representation, and that he had no possible defenses.
 
 
 6
 The district court was entitled to credit both Hernandez's testimony at the initial plea hearing and his former defense counsel's testimony at the hearing on the withdrawal motion, and to disbelieve the allegations in Hernandez's declaration in support of his motion to withdraw the guilty plea. See Hoyos, 892 F.2d at 1400 (district court properly credited defendant's testimony at time he entered his plea over subsequent allegations in affidavit supporting motion to withdraw guilty plea); United States v. Castello, 724 F.2d 813, 815 (9th Cir.) (same), cert. denied, 467 U.S. 1254 (1984). Accordingly, the district court did not abuse its discretion by denying Hernandez's motion to withdraw his guilty plea. See Hoyos, 892 F.2d at 1400.
 
 II
 Sentencing Guidelines
 
 7
 We review for clear error the district court's factual findings in support of a sentence enhancement. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994) (obstruction of justice); Rutledge, 28 F.3d at 1000 (acceptance of responsibility).
 
 A. Obstruction of Justice
 
 8
 Hernandez contends that the district court erred by applying a two-level enhancement to his offense level for obstruction of justice because his use of a false name neither prevented the probation officer from discovering his true identity nor hindered the government's investigation of the instant offenses. Alternatively, Hernandez contends that he could not have provided his true name without being forced to self-incriminate himself (i.e., revealing his status as an escaped felon) in violation of the Fifth Amendment. Neither contention has merit.
 
 
 9
 "The [G]uidelines provide a two-level increase '[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense.' " United States v. Khang, 36 F.3d 77, 79 (9th Cir.1994) (alteration in original) (quoting U.S.S.G. Sec. 3C1.1). Providing false information to a probation officer preparing a presentence report for the court constitutes an obstruction of justice. United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993). For purposes of a section 3C1.1 adjustment, "[i]t is sufficient that the conduct in question has the potential for obstructing the investigation, prosecution, or sentencing of the instant offense." United States v. Draper, 996 F.2d 982, 986 (9th Cir.1993).
 
 
 10
 " '[T]he Fifth Amendment guarantees ... the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence." United States v. Harrison, 34 F.3d 886, 892 (9th Cir.1994) (quoting Malloy v. Hogan, 378 U.S. 1, 8 (1964)). "[A] defendant should not be penalized for choosing to assert his Fifth Amendment right against self-incrimination." Rutledge, 28 F.3d at 1002. Nevertheless, if a defendant chooses to relinquish that right, he is required to be truthful. Id. at 1003.
 
 
 11
 Here, Hernandez provided the probation officer with a false name, fictitious personal and family history, and failed to disclose an outstanding warrant for his escape from a federal prison. The government discovered Hernandez's true identity and criminal background through a FBI fingerprint analysis after the plea hearing.
 
 
 12
 Despite the government's eventual discovery of Hernandez's true identity and criminal background, his use of a false name had the potential for affecting an issue under determination: his sentencing. Hernandez's use of an alias could have prevented disclosure of his true criminal record, thus resulting in a shorter sentence. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1421 (9th Cir.1992) (obstruction of justice enhancement proper where defendant failed to disclose convictions sustained under another name at presentence interview due to potential for a shorter sentence).
 
 
 13
 Assuming without deciding that Hernandez properly reserved his Fifth Amendment argument for appeal, we conclude that he forfeited such a right by choosing to speak with the probation officer. See Rutledge, 28 F.3d at 1002-03. Upon relinquishing his right to remain silent and providing a false name, his sentence could be enhanced for obstruction of justice. Compare id. at 1002 ("[D]efendant has the right to remain silent regarding relevant, uncharged conduct; but once he relinquishes that right and falsely denies such conduct, he may no longer be entitled to a reduction for acceptance of responsibility.") and United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993) (obstruction of justice enhancement for defendant who perjured himself at trial did not violate right to testify because the right to testify does not include right to commit perjury).
 
 
 14
 Therefore, the district court did not clearly err by finding that Hernandez obstructed justice. See Benitez, 34 F.3d at 1497.
 
 B. Acceptance of Responsibility
 
 15
 Hernandez contends the district court erred by denying him a two-level reduction for acceptance of responsibility because he "enter[ed] into the plea agreement." This contention is meritless.
 
 
 16
 The Guidelines allow a two-level reduction if a defendant clearly demonstrates acceptance of responsibility for the offense, and a three-level reduction if, additionally, the defendant timely provides the government with complete information or notice of his intention to plead guilty. Rutledge, 28 F.3d at 1001 & n. 1. " '[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.' " Khang, 36 F.3d at 79 (quoting U.S.S.G. Sec. 3E1.1, comment (n. 1(a)). Conduct relating to the offense and affecting the offense level constitutes relevant conduct. Id.; see U.S.S.G. Sec. 1B1.3. "The term is defined to achieve a compromise between sentencing offenders for the crimes they actually committed and the crimes to which they have negotiated pleas." Khang, 36 F.3d at 79.
 
 
 17
 Here, Hernandez denied possessing a firearm and contested its classification as relevant conduct for sentencing purposes. At sentencing, the district court stated:
 
 
 18
 The conduct here is entirely inconsistent with the theory of acceptance of responsibility. The concept of acceptance of responsibility is a defendant who takes the first step towards rehabilitation by acknowledging what has occurred, fully accepting the responsibility of that as it impacts his life, and by that method demonstrating to the court that he has taken the first step toward rehabilitation.
 
 
 19
 We have the opposite here. We have the attempt to evade responsibility and the opposite of taking the first step toward rehabilitation. It's the evasion of responsibility here which is demonstrated to the court by the false identity and failing to acknowledge responsibility in his life, but in a false person's life, which would have a different responsibility level placed upon him and a lesser one. So, it's not fully accepting full responsibility with all the hardships and the detriments that it would mean to him.
 
 
 20
 Moreover, the question of whether or not there is acknowledgment of the gun and the fact that the argument is made, well, it will result in the same sentence, that's probably so, but that's not relevant, again, to the question of acceptance of responsibility.
 
 
 21
 Acceptance of responsibility means acknowledging what occurred, accepting it and facing it and saying that I'm nevertheless going to move down the road toward rehabilitation and denial of that factor is not an acceptance of that aspect of responsibility.
 
 
 22
 For that reason, the court rules that ... the nonallowance of the reduction for acceptance of responsibility is correct.
 
 
 23
 (GER at 71-72.)
 
 
 24
 The district court implicitly found that Hernandez denied relevant conduct--i.e., use of a firearm--which the court determined to be true. Hernandez therefore failed to act in a manner consistent with acceptance of responsibility. See Rutledge, 28 F.3d at 1003. Furthermore, Hernandez's use of a false name to prevent disclosure of his true criminal background was also inconsistent with acceptance of responsibility. See, e.g., United States v. Lato, 934 F.2d 1080, 1083 (9th Cir.) (denying acceptance of responsibility reduction despite defendant's guilty plea based upon his lack of insincerity and "the very purposeful and methodical way in which ... [he] attempted to suborn perjury"), cert. denied, 112 S.Ct. 261 (1991). Accordingly, the district court did not clearly err by denying Hernandez a two-level reduction for acceptance of responsibility. See Rutledge, 28 F.3d at 1003.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3