**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anuar MORALES, Defendant–Appellant.**

**No. 91–50272.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 1992 *.

Decided Oct. 21, 1992.

Francis J. James, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Marc R. Greenberg, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: BEEZER, HALL, and WIGGINS, Circuit Judges.

PER CURIAM:

Anuar Morales appeals his sentence under the Sentencing Guidelines, following a plea of guilty, for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Morales contends that the district court erred by adjusting his offense level under Guidelines section 3C1.1 for obstruction of justice rather than sentencing him for the separate offense of contempt for his failure to testify against a co-conspirator. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Generally, we review for clear error the district court's finding that a defendant

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

obstructed justice. *United States v. Mondello,* 927 F.2d 1463, 1465 (9th Cir.1991). Nevertheless, we review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1. *United States v. Rodriguez–Razo,* 962 F.2d 1418, 1420 (9th Cir.1992).

▰ Section 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov.1990). The two level adjustment may be applied "to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense where there is a separate count of conviction for such conduct." U.S.S.G. § 3C1.1, comment. (n. 3). Whether justice is actually obstructed or impeded is irrelevant to the application of this section. *United States v. Baker,* 894 F.2d 1083, 1084 (9th Cir.1990).

▰ Here, Morales, Alvaro Jose Marchena, and Victor Manuel Lemus were charged, in a two-count indictment, with conspiracy to distribute cocaine and possession with intent to distribute cocaine. Morales pleaded guilty to both counts of the indictment, and the case against his co-conspirators proceeded to trial. At their trial, Marchena and Lemus testified on their own behalf and denied involvement or knowledge of Morales' drug trafficking activities. Pursuant to the government's application for immunity, the district court granted Morales testimonial immunity pursuant to 18 U.S.C. § 6002.[1] The government called Morales as a rebuttal witness, and the court ordered him to testify. The court also explained to Morales the import of a refusal to testify after a grant of immunity. Nevertheless, Morales refused to testify in the trial of his co-conspirators. Accordingly, the district court found Morales to be in contempt of court. At sentencing, the district court adjusted Morales' offense level for obstruction of justice based on his refusal to testify at his co-conspirators' trial.

Morales argues that his refusal to testify at the trial of his co-conspirators is not covered under section 3C1.1, and therefore, the district court should have sentenced him separately for the contempt charge. This is an issue of first impression in this circuit.

The Eleventh Circuit has held that a defendant's refusal to testify at a co-conspirator's trial after an immunity order has been issued constitutes an obstruction of justice under section 3C1.1. *United States v. Williams,* 922 F.2d 737, 739 (11th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 258, 116 L.Ed.2d 212 (1991). We agree. Morales' refusal to testify constituted a willful obstruction of, or at least an attempt to obstruct, the administration of justice during the prosecution of Marchena and Lemus. The prosecution of Marchena and Lemus involved the same conduct for which Morales pleaded guilty and was sentenced. The district court explained to Morales the possible consequences of his refusal and gave him several opportunities to testify.

The district court properly applied section 3C1.1 to Morales' contempt charge. *See id.; see also Rodriguez–Razo,* 962 F.2d at 1421.

AFFIRMED.

▰

---

1. Section 6002 provides as follows:
   Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to ... a court or grand jury of the United States ... and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.
   18 U.S.C. § 6002.