988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter NCHU, Defendant-Appellant.
 No. 92-10439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-92-00089-LDG; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 MEMORANDUM**
 Peter Nchu appeals from his 21-month sentence under the United States Sentencing Guidelines following his guilty plea to unauthorized use of a credit card in violation of 18 U.S.C. § 1029(a)(2). Nchu contends that the district court erred by adjusting his offense level upward for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because he gave a false name and place of birth to the probation officer preparing his presentence report (PSR). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 We review for clear error a district court's finding that a defendant obstructed justice. United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 21, 1993), (No. 92-7409). We review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1. Id. at 1331.
 The Sentencing Guidelines require a two-point increase in a defendant's base offense level if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" during investigation of the offense. U.S.S.G. § 3C1.1. Provision of "materially false information to a probation officer in respect to a presentence ... investigation for the court" warrants this enhancement, id., comment. (n. 3(h)), although provision of "incomplete or misleading information, not amounting to a material falsehood" does not, id., comment. (n. 4(c)). For purposes of section 3C1.1, a misstatement which, if believed, would tend to influence or affect the sentence imposed is material information. See United States v. Donine, No. 92-50309, slip op. 933, 938-39 (9th Cir. Feb. 3, 1993) (failure to disclose prior convictions to probation officer); United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992) (same). Whether justice is actually obstructed or impeded is irrelevant to application of this section. Donine, No. 92-50309, slip op. at 938; Morales, 977 F.2d at 1331. Providing false information about one's identity can constitute obstruction of justice under section 3C1.1. United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991), withdrawn in part, 975 F.2d 596 (9th Cir.1992) (false address and denial of alias given during post-arrest investigation); United States v. Rodriguez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990) (false name given prior to arrest). A misrepresentation which could create a delay in ascertaining accurate information for the court justifies this enhancement. United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990).
 Nchu contends that the district court erred by enhancing his sentence pursuant to section 3C1.1 because, although he gave a false name and birthplace to his probation officer during the PSR investigation, these misrepresentations were not material to his sentence. He points out that he provided a complete criminal history to the probation officer and that the officer had already been informed of the false information by the Immigration and Naturalization Service (INS). Nonetheless, the probation officer learned only after contacting the INS that Nchu's true name is Einstein Peter Anye, and that he was born in Cameroon, Africa, rather than the Bronx. The probation officer indicated in the PSR that reliance on the false name and birthplace had impeded the acquisition of background information about Nchu's family and employment history. Further, Nchu had been warned by the district court at the plea hearing, by his own attorney prior to the PSR interview, and by the probation officer during the PSR interview, that he would be given the obstruction of justice enhancement if he gave false information. He nonetheless persisted in lying about his identity, and at the sentencing hearing declined to state his true name on advice of counsel due to an INS detainer issued for his deportation.
 Nchu's willful persistence in asserting a false identity during the PSR investigation constitutes obstruction of justice warranting the two-point enhancement. See U.S.S.G. § 3C1.1 and comment. (n.3(h)); Fine, 946 F.2d at 652; Rodriguez-Macias, 914 F.2d at 1205. Not only did the misinformation delay compilation of accurate data for the PSR, see Lofton, 905 F.2d at 1317, but it also involved factors--such as personal background and immigration status--relevant to an appropriate determination of the terms and length of Nchu's sentence, see Donine, No. 92-50309, slip op. at 938-39; Rodriguez-Razo, 962 F.2d at 1420. The failure of Nchu's attempted deception regarding his identity is irrelevant. See Donine, No. 92-50309, slip op. at 938; Morales, 977 F.2d at 1331. Accordingly, the district court did not err by finding that Nchu provided materially false information to the probation officer and by increasing Nchu's offense level upward for obstruction of justice pursuant to U.S.S.G. § 3C1.1.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3