993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael AVANT, Defendant-Appellant.
 No. 92-30254.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 14, 1993.
 
 1
 Before PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Michael Avant was convicted of robbing two banks, and was sentenced under the Guidelines to 210 months. He appeals his conviction and his sentence, arguing that: (1) the district court should have suppressed evidence seized when Avant was arrested and evidence discovered through the warrantless search of his car, (2) the district court should have granted his motion to sever, (3) the district court erred when it gave him a two level enhancement for obstruction of justice, and (4) the district court erred when it gave him a two level enhancement for his role in the offense. We affirm.
 
 FACTS
 
 4
 Avant was allegedly involved in two bank robberies, and he was caught immediately after he committed the second. At the first robbery, he entered the bank, hopped over the teller counter, and began demanding money and shouting threats. He was carrying what appeared to be a handgun. He took $32,000.
 
 
 5
 The next robbery occurred about two weeks later. He used the same modus operandi, and carried away around $12,000. There were numerous eyewitnesses who gave roughly the same description of the robber, a description that fits Avant. The teller put a tracking device in the money bag. One witness noted the license number of what appeared to be the getaway car, and that car was registered to Avant.
 
 
 6
 The tracking device indicated that the car was at the Portland airport. Officers arrived at the airport, found the car, and performed a cursory search of it while a tow truck was being called. Meanwhile, the officers discovered that Avant was on a flight to Seattle, and contacted Seattle airport police, who arrested Avant upon landing. Avant alleges that after his arrest, the officers searched his luggage, but the district court made a contrary finding.
 
 
 7
 The next day, after a search warrant was procured, the getaway car was searched, and clothing and an air pistol were found. The clothing matched the description of the robber's clothing. Avant's luggage was also searched, pursuant to a warrant, and $4000 dollars were found.
 
 
 8
 Avant was tried before a jury and found guilty of two counts of armed bank robbery.
 
 I. Suppression of Evidence
 
 9
 The district court's finding of probable cause is reviewed de novo. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir.1988).
 
 
 10
 a. Arrest
 
 
 11
 Avant contends that there was insufficient evidence to arrest him, and therefore the search of his person immediately following the arrest was illegal. There was probable cause if "the police officers ha[d] facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir.1985). There was ample evidence that Avant had just robbed a bank, namely: (1) the getaway car was registered to Avant, (2) the description of the robber fit the description of Avant, (3) the officers found the getaway car at the airport, and (4) Avant had just boarded a flight to Seattle. The fact that the initial search of the car did not uncover direct evidence of the crime does not negate the probable cause established by these facts. See United States v. Watts, 848 F.2d 134, 137 (9th Cir.), cert. denied, 488 U.S. 928 (1988).
 
 
 12
 b. Search of Luggage
 
 
 13
 Avant says that the officers searched his luggage immediately after his arrest. The officers denied this, and the judge found that there was no such search. The trial judge disbelieved Avant's testimony, because according to Avant's own testimony the officers were out of his sight only for about 30 seconds, which would not be enough time to open and search two pieces of locked baggage. The district court's finding is not clearly erroneous. United States v. Span, 970 F.2d 573, 581 (9th Cir.1992), cert. denied, 113 S.Ct. 1283 (1993).
 
 
 14
 c. Warrantless Search of Car
 
 
 15
 There were two searches of the car: a warrantless search at the airport, and a search pursuant to a warrant conducted later. Avant challenges the former. At the time the car was searched, the officer knew that the getaway car was a Cadillac, registered to Avant, that the tracking device had been tracked to the airport, and that Avant had just boarded the airplane. This evidence was sufficient to provide probable cause for the belief that the car contained contraband or evidence, so the search was justified. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.) (automobile search justified if there is probable cause to believe that the car contains "contraband or stolen property or [items] useful as a evidence of crime"), cert. denied, 112 S.Ct. 401 (1991).
 
 II. Severance
 
 16
 Avant moved for severance twice before trial, but he did not renew his motion at the end of trial, or indeed at anytime during trial, so he waived this argument. United States v. Restrepo, 930 F.2d 705, 711 (9th Cir.1991).
 
 
 17
 III. Two Level Increase for Obstruction of Justice
 
 
 18
 The district court's finding that the defendant obstructed justice is reviewed for clear error. United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). The district court's determination that particular conduct constitutes obstruction of justice is reviewed de novo. Id.
 
 
 19
 The district court based this adjustment on Avant's apparent subornation of perjury. Two of Avant's witnesses provided false alibis for Avant, and his codefendant said that Avant promised him $100,000 if he would take full responsibility for the robbery. Avant argues that this adjustment is not justified because he did not personally offer false testimony, but Application Note 3 to U.S.S.G. § 3C1.1 specifically includes "suborning perjury" as an example of obstructing justice.
 
 IV. Role in Offense
 
 20
 The district court's findings for a role adjustment under U.S.S.G. § 3B1.1 are reviewed for clear error. United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990).
 
 
 21
 There are three different levels of increase for playing a major role in the offense, and Avant was given the lowest, which requires that the defendant be an "organizer, leader, manager, or supervisor." U.S.S.G. § 3B1.1(c). Given the testimony that Avant recruited his codefendant, directed the codefendant to buy him a plane ticket, and planned the robbery, the trial judge's finding that Avant was an "organizer, leader, manager or supervisor" is not clearly erroneous. See United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991) (adjustment for being a supervisor upheld where defendant helped recruit another person and played a managerial role); Application Note 3 to U.S.S.G. § 3B1.1 ("recruitment," "planning," and "degree of control" are indicia of aggravating role).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3