995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Hardy JEFFRIES, Defendant-Appellant.
 No. 92-30415.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Hardy Jeffries appeals his 10-month sentence following entry of a guilty plea to filing false income tax returns and aiding and abetting in violation of 18 U.S.C. §§ 2, 287. Jeffries contends that the district court erred by (1) admitting expert testimony regarding his handwriting, (2) increasing his offense level for obstruction of justice under U.S.S.G. § 3C1.1, and (3) failing to decrease his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's decision to admit expert testimony. See United States v. Rahm, No. 92-10429, slip op. 4727, 4734 (9th Cir. May 11, 1993). We review for clear error the district court's determinations that Jeffries obstructed justice and that he did not accept responsibility for his criminal conduct. See United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992) (U.S.S.G. § 3C1.1); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991) (U.S.S.G. § 3E1.1).
 
 
 4
 At sentencing, the district court admitted expert testimony by William DeVries, an Internal Revenue Service ("IRS") document examiner. DeVries testified that his analysis of two handwriting exemplars, which were provided by Jeffries to the IRS pursuant to grand jury subpoenas, indicated that Jeffries deliberately disguised his handwriting by speeding it up in one exemplar and slowing it down in the other. The district court found that Jeffries obstructed justice by disguising his handwriting in the exemplars, and that there were no unusual circumstances warranting a reduction of his offense level for acceptance of responsibility.
 
 
 5
 * Expert Testimony
 
 
 6
 Jeffries contends that the district court erred by admitting expert handwriting testimony because it has not been established that handwriting analysis is a science. This contention is foreclosed by our decision in United States v. Fleishman, 684 F.2d 1329, 1337 (9th Cir.) ("It is undisputed that handwriting analysis is a science in which expert testimony assists a jury."), cert. denied, 459 U.S. 1044 (1982).
 
 
 7
 In his reply brief, Jeffries contends that the district court erred because DeVries was not qualified to testify as an expert in handwriting analysis. Although ordinarily we do not consider contentions raised for the first time in a reply brief, we may consider this contention because the government raised the issue in its brief. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992).
 
 
 8
 At sentencing, DeVries testified that he had been a document examiner for the IRS for twenty years and had received training in document examination from the Secret Service and the Federal Bureau of Investigation. Furthermore, he showed familiarity with and an ability to apply the principles of document examination throughout his testimony. The district clearly could have concluded that he was qualified to testify as an expert in handwriting analysis. See Guam v. Cepeda, 851 F.2d 1564, 1566 (9th Cir.1988) (noting in dicta that trial court could have concluded that witness was qualified as an expert in handwriting analysis based upon his training and experience). Accordingly, there is no plain error.
 
 II
 Sentence Adjustments
 
 9
 Jeffries contends that the district court erred by increasing his offense level for obstruction of justice and failing to decrease his offense level for acceptance of responsibility. These contentions are without merit.
 
 
 10
 The Guidelines provide that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1; United States v. Marks, 977 F.2d 1330, 1331 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). Obstructive conduct includes "concealing ... evidence that is material to an official investigation or judicial proceeding ... or attempting to do so." U.S.S.G. § 3C1.1 comment. (3(d)).
 
 
 11
 The Guidelines further provide that a district court may reduce a defendant's offense level by two points if he has accepted responsibility for his criminal conduct. U.S.S.G. § 3E1.1. Ordinarily, a determination that the defendant has obstructed justice indicates that he has not accepted responsibility. U.S.S.G. § 3E1.1, comment. (4); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir.), cert. denied, 112 S.Ct. 271 (1991).
 
 
 12
 Here, evidence of Jeffries's handwriting was material to the investigation of the instant offenses. See United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir.1989) (evidence of defendant's handwriting was material in prosecution for filing false income tax returns). Jeffries attempted to conceal this evidence by deliberately disguising his handwriting in the exemplars he provided to the IRS. Accordingly, the district court did not err by determining that Jeffries obstructed justice under the Guidelines. See U.S.S.G. § 3C1.1 comment. (3(d)); Marks, 977 F.2d at 1331; see also United States v. Reyes, 908 F.2d 281, 290 (8th Cir.1990) (defendant obstructed justice by refusing to comply with court order requiring him to provide a handwriting exemplar), cert. denied, 111 S.Ct. 1111 (1991).
 
 
 13
 Jeffries also contends that the district court incorrectly determined that its finding of obstruction of justice precluded a finding of acceptance of responsibility. Our examination of the record indicates that the district court recognized its authority to decrease Jeffries's offense level for acceptance of responsibility but determined that there were no unusual circumstances warranting such an adjustment. Jeffries does not challenge this determination. Accordingly, there is no error. See U.S.S.G. § 3E1.1 comment. (4); Lato, 934 F.2d at 1083.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3