8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kuo-Ying CHEN, aka Gwo Ing Chern, Defendant-Appellant.
 No. 93-10192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kuo-Ying Chen appeals his 21-month sentence following entry of a guilty plea to bringing illegal aliens into the United States for the purpose of commercial advantage and private financial gain in violation of 18 U.S.C. §§ 2, 1324(a)(2)(B)(ii). Chen contends the district court erred by adjusting his United States Sentencing Guidelines offense level upward for obstruction of justice. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Although the district court's finding that a defendant obstructed justice is reviewed for clear error, "we review de novo whether a defendant's conduct constitutes obstruction of justice." United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1399 (1993).
 
 
 4
 Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level is increased by two "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense." "Section 3C1.1 is intended to apply when defendant 'threaten[s], intimidat[es], or otherwise unlawfully influenc[es] a ... witness ... or attempts to do so.' " United States v. Snider, 976 F.2d 1249, 1251 (9th Cir.1992) (quoting U.S.S.G. § 3C1.1, comment. (n. 3(a)) (alterations in original); see also United States v. White, 974 F.2d 1135, 1140 (9th Cir.1992) (applying U.S.S.G. § 3C1.1, comment. (n. 1(d)), 1989 version of Guidelines containing substantially same language as current comment. (n. 3(a)). "Threatening a witness ... leads to a section 3C1.1 enhancement regardless of whether it results in a material hindrance." Snider, 976 F.2d at 1251-52.
 
 
 5
 Here, Chen was the captain of a Taiwanese fishing boat engaged in smuggling Chinese aliens from the People's Republic of China to Hawaii. After offloading the aliens onto another boat off the coast of Hawaii, Chen's ship was stopped and boarded by the United States Coast Guard. Chen and others were taken into custody. Among those taken into custody were some members of Chen's crew who were citizens of the People's Republic of China.
 
 
 6
 One crewmember, Xiang Bao Zhou averred in a sworn statement made to Immigration and Naturalization Service (INS) investigators that Chen threatened the mainland Chinese crewmen while they were being transported to Hawaii by the Coast Guard. Chen told the crewmen that "If you tell the immigration officer the truth, I would insist that all of the passengers on board [the fishing boat] were introduced to us by you 10 mainland crewmen." Chen also threatened the mainland Chinese crewmembers that they would not be paid if they told the truth.
 
 
 7
 In light of this evidence, the district court did not clearly err by finding that Chen's conduct was intended to intimidate potential witnesses into staying quiet.[1] See Snider, 976 F.2d at 1251. The fact that the government's investigation of the case might not have been materially hindered by Chen's attempted intimidation of the mainland Chinese crewmen is irrelevant to whether the obstruction of justice enhancement adjustment was properly applied to Chen. See id. at 1251-52. Furthermore, contrary to Chen's claim, the district court made sufficient factual findings regarding the obstruction of justice adjustment when it stated that "the evidence before the Court establishes by more than a preponderance of the evidence that the defendant did in fact obstruct justice." See United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993) (per curiam) ("[T]he district court need not specify the reasons for its factual finding of obstruction of justice.") Finally, we reject Chen's frivolous argument that there could not have been any evidentiary or investigatory value in anything the mainland Chinese crewmen might have had to say to the government or the court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is clear from the record that the district court discounted the evidence derived from the statements of crewmembers Wen Jie Wei and Tong Lai Lin. The finding that Chen obstructed justice was based solely on the evidence contained in the statement of Zhou