15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Tracy Damon LEE, Defendant-Appellant, Cross-Appellee.
 Nos. 92-30349, 92-30380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Dec. 23, 1993.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tracy Damon Lee appeals his sentence of 157 months incarceration following his guilty plea to two counts of bank robbery and one count of using a firearm during a crime of violence. The government cross appeals the court's denial of an upward adjustment for obstruction of justice. We affirm on Lee's appeal and remand on the cross appeal.
 
 Youthful Lack of Guidance
 
 3
 In their sentencing memoranda and at the sentencing hearing, both Lee and the government agreed that the court had discretion to depart downward. They disagreed whether the facts merited the court's exercise of its discretion. Because the court knew that it had the discretion to depart, but chose not to, we do not have jurisdiction over this issue. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 Acceptance of Responsibility
 
 4
 We review for clear error the district court's denial of a downward adjustment for acceptance of responsibility. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992).
 
 
 5
 The government is correct that no factual dispute existed. Because the factual issues were resolved, the court's conclusion that it "cannot justify giving him a downward departure for responsibility" is sufficient. See United States v. Marquardt, 949 F.2d 283, 285 (9th Cir.1991).
 
 
 6
 Lee left community confinement without permission and then committed another crime. He expressed remorse only after he was arrested a second time. The court's decision not to reward Lee's belated expression of remorse was not clearly erroneous.
 
 Cross Appeal--Obstruction of Justice
 
 7
 We review for clear error a court's factual finding that a defendant did not obstruct justice. See United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). But "we review de novo whether a defendant's conduct constitutes obstruction" under the Guidelines. Id.
 
 
 8
 Whether the court thought that it could consider Lee's departure from the center for an obstruction of justice adjustment is unclear. The decision in United States v. Fine, 975 F.2d 596, 603 (9th Cir.1992) (en banc), however, requires that the adjustment be applied if Lee's conduct constituted obstruction of justice under the Guidelines.
 
 
 9
 The Guidelines provide for an upward adjustment when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. "Absconding from pretrial release merits an upward adjustment" under Sec. 3C1.1. United States v. Draper, 996 F.2d 982, 986 (9th Cir.1993). Whether this conduct actually obstructs justice is irrelevant. Id. Its potential to obstruct the investigation, prosecution or sentencing of the instant offense suffices. Id.
 
 
 10
 The relevant instant offense here is the February 11, 1992 robbery. Although the government had not charged Lee with that offense when he left the center, the robbery was the subject of ongoing plea discussions. Lee's departure had the effect of obstructing justice by forcing the government to secure an arrest warrant before it could proceed with its prosecution. The government's decision not to charge him with the February 11 robbery as part of its original proposed plea agreement is inconsequential.
 
 
 11
 That an action has the effect of obstructing justice is not, however, dispositive. To justify an enhancement for obstructing justice, the defendant must " 'consciously act with the purpose of obstructing justice.' " Draper, 996 F.2d at 984 (quoting United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 498 U.S. 948 (1990)). It is possible in a given case that a defendant escaping from custody may have the conscious purpose only of achieving some objective of his own, or the conscious purpose of interfering with his prosecution, or both purposes. As we cannot tell on this record what Lee's conscious purpose was, we remand for a finding of fact on this point.
 
 
 12
 AFFIRMED as to Lee's appeal, REMANDED as to the government's appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3