39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jagmohan GREWAL, Defendant-Appellant.
 No. 93-10284.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1994.*
Decided Oct. 26, 1994.
As Amended on Denial of Rehearing and Rejection of
Suggestion for Rehearing En Banc March 24, 1995.
 
 1
 Before: WALLACE and BROWNING, Circuit Judges and TURRENTINE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 This case involves a nefarious scheme by defendant Grewal to defraud Medicare and to structure his ill-gotten gains to evade federal reporting requirements. From October 1990 until June 1992, Grewal was the sole proprietor of a mobile laboratory specializing in non-invasive blood circulation tests. He became a Medicare provider in the fall of 1990 and, shortly thereafter, began submitting fraudulent Medicare billings. In many instances, Grewal submitted billings for tests he never performed, while falsely representing that these tests had been ordered by Medicare-approved referring physicians. In addition, he provided false client addresses with these billings to prevent the people he had allegedly tested from discovering his scheme.
 
 
 4
 Although Grewal received more than $1.2 million from the Medicare billings, he paid no taxes on the income. To dodge the Internal Revenue Service, he structured his bank deposits and withdrawals so that the banks would not have to file reports that would alert the I.R.S. to his activities.
 
 
 5
 Despite Grewal's efforts, the I.R.S. discovered the scheme and seized his Bank of America account on or about May 13, 1992. Both the bank and the I.R.S. notified Grewal of the seizure. Two days later, Grewal opened accounts at Bank of the West and California Valley Bank.
 
 
 6
 On May 18, 1992, the government filed a criminal complaint charging Grewal with violations of 18 U.S.C. Sec. 287, presenting false claims to the federal government. On the same day, the district judge issued a warrant for Grewal's arrest and a search warrant for his residence.
 
 
 7
 As federal agents were searching Grewal's home, which was devoid of any personal belongings, Grewal telephoned the residence. An agent stated that she wished to speak with him, but he claimed that he was calling from San Francisco. In fact, Grewal was less than one mile away from his residence at the time.
 
 
 8
 On May 26th or 27th, Grewal ordered gold kruggerands and kilobars totaling approximately $160,000 from Camino Coin Company. On May 27, 1992, he deposited $85,721.50 worth of Medicare checks into his Bank of the West account and $124,006 worth in his California Valley Bank account. He then wire transferred $85,967.35 from the Bank of the West account to Camino Coin Company's account.
 
 
 9
 Meanwhile, from May 28th to May 31st, Grewal was staying at a motel in Fresno under an assumed name. The motel receipt identified his car; the car bore stolen license plates. Plates matching Grewal's registration were later found wrapped in a towel in the car.
 
 
 10
 On June 1, 1992, Grewal obtained a $114,327 cashier's check from California Valley Bank and drove to Camino Coin Company. There he purchased gold kruggerands and kilobars. Grewal was then arrested.
 
 
 11
 The government charged Grewal in a superseding indictment with eight counts of presenting false claims and twenty-seven counts of willfully structuring financial transactions to evade federal reporting requirements in violation of 31 U.S.C. Secs. 5324(3) and 5322(a). Grewal subsequently pled guilty to the false claims counts. Pursuant to a plea agreement, he also pled guilty to one count of structuring.
 
 
 12
 In the plea agreement, the government agreed to recommend a reduction for acceptance of responsibility, if Grewal in fact accepted responsibility. The government further agreed to recommend that the value of the structured funds be set at no more than $200,000 but no less than $100,000. The parties also signed a written stipulation in which Grewal agreed to pay $895,333.23 in restitution in exchange for the government setting $799,999 as the loss for the purpose of computing defendant's offense level.
 
 
 13
 On April 26, 1993, the district court sentenced Grewal to fifty-one months' imprisonment and ordered him to pay $895,333.23 in restitution.
 
 DISCUSSION
 
 14
 Grewal asserts nine claims. First, he contends the court improperly enhanced his offense level for obstruction of justice. We review a district court's factual finding of obstruction of justice for clear error, and we review de novo whether the finding violated the Guidelines. United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993).
 
 
 15
 The district court enhanced Grewal's sentence by two levels under Section 3C1.1 of the Guidelines. Section 3C1.1 provides for a two level enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Judge Wanger found obstruction of justice "both in attempting to avoid apprehension, prosecution and conviction and further in furnishing false and misleading information [to] the probation officer and the court."
 
 
 16
 The enhancement unquestionably was proper for furnishing false and misleading information, but it arguably was improper for evasion of apprehension. The commentary to Section 3C1.1 of the Guidelines states that avoiding or fleeing arrest does not warrant an enhancement.
 
 
 17
 To resolve a conflict among the circuits on "whether a reviewing court may affirm a sentence in which a district court's departure from the guideline range is based on both valid and invalid factors," the United States Supreme Court considered Williams v. United States, 112 S.Ct. 1112, 1118 (1992).
 
 
 18
 The Williams Court first observed that a court of appeals must remand a case under certain circumstances. Section 3742(f)(1) of Title 18 of the United States Code specifies that a reviewing court must remand if the sentence "was imposed in violation of law or ... as a result of an incorrect application of the sentencing guidelines". 18 U.S.C. Sec. 3742(f)(1). The use of an invalid departure ground constitutes an incorrect application of the Guidelines. Williams, 112 S.Ct. at 1119. However, a remand is not automatic. Id. at 1120. In determining whether a remand is required, the court of appeals "must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." Id. If the reviewing court has determined that the district court misapplied the Guidelines,
 
 
 19
 a remand is appropriate unless the reviewing court concludes, on the record as a whole that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.... If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required under Sec. 3742(f)(1), and the court of appeals may affirm the sentence as long as it is also satisfied that the departure is reasonable under Sec. 3742(f)(2).
 
 
 20
 Id. at 1120-21.
 
 
 21
 Under Sec. 3742(f)(2), a sentence can be reasonable even if some of the reasons given by the district court to justify the departure are invalid, provided that the remaining reasons are sufficient to justify the extent of the departure and are based on the record and not on the reviewing court's independent assessment of reasonableness. Id. at 1121.
 
 
 22
 Applying the Williams Court's interpretation of Sec. 3742 to the case before us, we can determine from the record as a whole, that the district court would have applied the same sentence. As noted above, one of the factors Judge Wanger relied on, namely providing false information to the court and the probation officer, was a valid factor to rely upon in enhancing the defendant's sentence. The second factor of evading prosecution possibly was an invalid factor, although defendant's conduct arguably extended beyond mere evasion of arrest. Even if we deem the evasion of arrest ground to be an improper application of the Guidelines, we hold that the error was harmless. Given all the evidence of the defendant's conduct in the case--Grewal lied about his whereabouts, he opened new bank accounts after the I.R.S. seized certain of his accounts, he changed his name and car license plates, etc.--we hold that the district judge would have found obstruction of justice even without considering Grewal's attempts to evade apprehension and prosecution. Moreover, the defendant's efforts to conceal or destroy evidence, as amply supported by the record, provide yet another basis for the obstruction of justice enhancement. Once finding the enhancement applied, the two-level upward adjustment was mandatory, not discretionary. United States v. Colussi, 22 F.3d 218, 219 (9th Cir.1994).
 
 
 23
 Appellant secondly argues that the district court erred in denying him a reduction for acceptance of responsibility.[1] We review the denial for clear error and will not disturb the district court's determination on this issue unless the decision was made without foundation. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 
 24
 We hold that Judge Wanger's decision had sufficient foundation. First, we note that the Guidelines provide that "conduct resulting in an enhancement for [obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in extraordinary circumstances. U.S.S.G. Sec. 3E1.1(a) at n. 4. No extraordinary circumstances exist in this case. On the contrary, the record is replete with instances of Grewal's attempts to portray himself to court officials as a model citizen.
 
 
 25
 Third, Grewal argues that the government's failure to recommend acceptance of responsibility was a breach of the plea agreement. We review the district court's decision for clear error.
 
 
 26
 The court first notes that appellant did not raise this issue below. The alleged violation of a plea agreement cannot be raised for the first time on appeal unless it presents a pure question of law. United States v. Conkins, 9 F.3d 1377, 1381-82 (9th Cir.1993). Since the probation officer found that Grewal did not admit his guilt, the government did not have to make the recommendation requested. Moreover, in light of the district court's finding that Grewal obstructed justice, there is no basis for finding that a recommendation by the government would have altered the court's decision. We hold that the district court had foundation to deny a reduction for acceptance of responsibility.
 
 
 27
 Fourth, Grewal challenges the district court's enhancement of his offense level for abuse of a position of trust. The court reviews de novo the district court's application of an abuse of trust enhancement. United States v. Ferrin, 994 F.2d 658, 665 (9th Cir.1993).
 
 
 28
 Section 3B1.3 of the Guidelines provides for a two level enhancement if the defendant's conduct "significantly facilitated the commission or concealment of the offense." Whether a person holds a position of trust depends on "the extent to which the position provides the freedom to commit a difficult-to-detect wrong." United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990). In turn, the "position of trust" is characterized by "the inability of the trustor objectively and expediently to determine the trustee's honesty" and "the ease with which the trustee's activities can be observed." Id.
 
 
 29
 Grewal occupied a position of both public and private trust. As a provider of specialized health care services, he gained access to confidential information about his clients. Additionally, the manner in which he obtained the information and submitted the claims prevented the clients from objectively or expediently discovering his wrongdoing; all Medicare communications were directed to false addresses.
 
 
 30
 As a Medicare provider, Grewal also occupied a position of public trust. The Medicare system relies heavily on the honesty of its providers; they are trusted to perform tests which Medicare cannot oversee, and they are trusted to submit claims for those tests. Grewal obtained access to clients' personal information, such as personal identification numbers of Medicare-listed physicians, service codes and prescriptions, and used that information for his scheme. By virtue of his position, Grewal thus was able to gain access to vital information that significantly facilitated the commission and concealment of his scheme.
 
 
 31
 Fifth, Grewal contends that he received inadequate notice, prior to sentencing, that the district court intended to reject the probation officer's initial recommendation that he receive a reduction for acceptance of responsibility, and that the court intended to enhance his sentence for obstruction of justice. Section 6A1.3(a) of the Guidelines provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." To satisfy the notice requirement, relevant information must be "identified as a basis for departure in the presentence report, or, the court must advise the defendant that it is considering departure based on a particular factor and allow defense counsel an opportunity to comment." See United States v. Brady, 928 F.2d 844, 847 & n. 3 (9th Cir.1991).
 
 
 32
 The presentence report recommended a three-level reduction for acceptance of responsibility and made no mention of the obstruction of justice enhancement. However, in the probation officer's subsequent response to objections filed by the defendant, he stated that a two-level enhancement appeared to apply based on Grewal's attempts to mislead the court about his background and character. The probation officer also stated that Grewal would not merit a reduction for acceptance of responsibility if the court found that he provided false information during sentencing.
 
 
 33
 Although the probation officer's response is dated five days before the hearing, it is clear that Grewal had sufficient opportunity to prepare any opposition before sentencing. See United States v. Upshaw, 918 F.2d 789, 791-92 (9th Cir.1990) (defendant had adequate opportunity to address sentencing factors used by court where factors were identified for the first time in revised presentence report), cert. denied, 499 U.S. 930 (1991). Grewal did not request a continuance to prepare his arguments. Indeed, he argued at length at the hearing regarding the acceptance of responsibility and obstruction of justice factors. Two witnesses even testified about Grewal's honesty in providing information to the probation officer and to the court during the sentencing process. Thus, it appears that Grewal had ample opportunity to present information pertinent to the sentencing issues.
 
 
 34
 Sixth, Grewal maintains that the district court erred by not making express factual findings for sentencing him to the upper end of the Guideline range. As required by 18 U.S.C. Sec. 3553(c), the district judge stated in open court his reasons for imposing a sentence of fifty-one months incarceration. Since the district court sentenced within the applicable range, the court was not required to announce its specific reasons for choosing the particular point on the range. See United States v. Lockard, 910 F.2d 542, 545 (9th Cir.1990).
 
 
 35
 Seventh, Grewal argues that the district court erred by failing to limit its restitution order to losses caused by conduct underlying the counts of conviction, and by failing to set the amount in conjunction with Grewal's ability to pay. This court reviews a restitution order for abuse of discretion. United States v. Sharp, 941 F.2d 811, 814 (9th Cir.1991).
 
 
 36
 We deny both Grewal's contentions. The parties stipulated to the amount of restitution Grewal would pay. The district court may order restitution in any criminal case "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. Sec. 3663(a)(3); United States v. Soderling, 970 F.2d 529, 533-34 (9th Cir.1992), cert. denied, 113 S.Ct. 2446 (1993). We further agree with the government's interpretation of Section 3663 and the corresponding legislative history. Consequently, the district court did not err by imposing the restitution order.
 
 
 37
 Grewal's argument that the district court should have considered his ability to pay restitution is also without merit. A district court's failure to consider a defendant's ability to pay is ordinarily an abuse of discretion. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). However, the defendant carries the burden of proving that he cannot afford the fine imposed. United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991). In the case at bar, Grewal agreed to pay restitution in the amount actually imposed by the district court. Further, the district court was not required to find that Grewal had the ability to pay. United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993). Therefore, the district judge's order was not improper.
 
 
 38
 Eighth, Grewal argues that the district court erred by failing to determine the amount of funds involved in the structuring count. By failing to object at the sentencing hearing, Grewal has waived this issue. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). Moreover, the failure to determine the amount of funds had no effect on Grewal's sentence. Cf. United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990) (declining to resolve dispute regarding sentencing adjustment because it would not affect sentence).
 
 
 39
 Finally, Grewal contends that the district court failed to consider his grounds for departure. The record provides no support for this contention; indeed, the district judge merely stated that he "found no basis for downward departure." Absent some indication that the district court believed it lacked authority to depart, this court lacks jurisdiction to review the district court's discretionary decision. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991). Therefore, Grewal's final argument also lacks merit.
 
 
 40
 Based on the foregoing, we affirm Grewal's sentence.
 
 
 41
 AFFIRMED.
 
 
 
 *
 Counsel for Appellant was not present at oral argument
 
 
 **
 Hon. Howard B. Turrentine, Senior District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3
 
 
 [1]
 We note that, at Grewal's request, we granted him an extension until late July to file supplemental information regarding the issue of acceptance of responsibility. On August 25, 1994, we received a one page letter directing the court to one case