**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Yi Wei GIANG, Defendant–Appellant.**

**No. 00–50153.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM[2]

Yi Wei Giang appeals his 33–month sentence imposed following his guilty plea to bank fraud and fraudulent use of a counterfeit access device, in violation of 18 U.S.C. §§ 1029 and 1344. Giang's attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he found no meritorious issues for review. Counsel has also filed a motion to withdraw as counsel of record. Giang has filed a pro se supplemental brief challenging the district court's application of a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's finding that a defendant obstructed justice for clear error. *See United States v. Morales,* 977 F.2d 1330, 1330–31 (9th Cir.1992). We review de novo whether a defendant's conduct constitutes obstruction of justice under the Sentencing Guidelines. *See id.*

For the first time on appeal, Giang challenges the district court's application of a two-point enhancement for obstruction of justice by arguing that there was no Cantonese interpreter present to explain the release paper he signed and thus he did not understand the constraints of the appearance bond authorizing his release from jail. We decline to consider this issue, however, because none of the three exceptions apply here to overcome the general rule that an issue raised for the first time on appeal is waived. *See United States v. Reyes–Alvarado,* 963 F.2d 1184, 1189 (9th Cir.1992).

Giang further contends that he was not in custody and did not willfully obstruct justice when he traveled to Mexico, purchased a one-way plane ticket and boarded a flight bound to Hong Kong. The record shows, however, that Giang left the country after (1) signing a document indicating that he was being released pursuant to a bond; (2) surrendering a passport in anticipation of being released on bond; and (3) attending proceedings wherein the constraints of bond release had been discussed. In light of these facts, the district court did not clearly err by imposing the obstruction of justice enhancement. *See* U.S.S.G. § 3C1.1 (authorizing obstruction of enhancement where defendant willfully attempts to impede the administration of justice during prosecution of an offense); *United States v. Draper,* 996 F.2d 982, 986 (9th Cir.1993) (concluding that defendant who fled after being arrested and agreeing to certain conditions of release "undoubtedly attempted to escape justice after having been submitted to process").

Giang finally contends that the obstruction enhancement does not apply because he never actually missed a court appearance and because his lawyer notified authorities about his flight to Mexico. This contention is unavailing because Giang's conduct had the potential to obstruct the prosecution. *See Draper,* 996 F.2d at 986. It is therefore irrelevant whether he actually succeeded in avoiding court appearances or whether his counsel reported his flight after the fact. *See id.*

Our examination of counsel's brief and our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicate there are no other potential issues for review. Counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.